**NOT FOR PUBLICATION**

**UNITED STATES BANKRUPTCY APPELLATE PANEL**
**OF THE NINTH CIRCUIT**

| | |
|---|---|
| In re: | BAP No. CC-17-1048-KuSA |
| MARDIROS MIHRANIAN, | Bk. No. 2:13-bk-39026-BR |
| Debtor. | |
| SAM S. LESLIE, Chapter 7 Trustee, | |
| Appellant, | |
| v. | **M E M O R A N D U M**[*] |
| HAIG LEO MIHRANIAN; MICHAEL MIHRANIAN; SUSAN CHOBANIAN; TAKOUHIE BARTAMIAN; MEDICAL CLINIC AND SURGICAL SPECIALTIES OF GLENDALE, INC., | |
| Appellees. | |

Argued and Submitted on November 30, 2017
at Pasadena, California

Filed - December 4, 2017

Appeal from the United States Bankruptcy Court
for the Central District of California

Honorable Barry Russell, Bankruptcy Judge, Presiding

Appearances:    Robert Michael Aronson argued for appellant Sam Leslie, Chapter 7 Trustee; David B. Golubchik of Levene, Neale, Bender, Yoo & Brill L.L.P. argued for appellees Haig Leo Mihranian, Michael Mihranian, Susan Chobanian, Takouhie Bartamian, and Medical Clinic and Surgical Specialties of

---

[*] This disposition is not appropriate for publication. Although it may be cited for whatever persuasive value it may have (see Fed. R. App. P. 32.1), it has no precedential value. See 9th Cir. BAP Rule 8013-1.

-1-

Glendale, Inc.

_____

Before: KURTZ, SPRAKER, and ALSTON,[**] Bankruptcy Judges.

Chapter 7[1] trustee, Sam S. Leslie (Trustee), filed a motion to substantively consolidate the estate of the debtor, Mardiros Mihranian (Debtor), with the estates of non-debtor parties which included: Debtor's (1) sons, Haig Mihranian (Haig) and Michael Mihranian (Michael); (2) ex-wife, Susan Chobanian (Susan); (3) office manager, Takouhie Bartamian (Takouhie); and (4) Debtor's solely owned corporation, Medical Clinic and Surgical Specialities of Glendale, Inc. (MCSSG) (collectively, the Non-Debtor Parties).

Trustee alleged that the financial affairs of Debtor, Susan, and MCSSG were so commingled such that it would be impossible to disentangle them without considerable expense and effort. Trustee further asserted that Debtor, individually, or through Susan or MCSSG, had made numerous transfers to Takouhie and Debtor's sons, which were potentially subject to fraudulent conveyance claims.

The bankruptcy court denied Trustee's motion, finding that the entanglement alleged by Trustee was not that complex and could be resolved by forensic accounting. The court further found that there was no evidence showing who the creditors of the Non-Debtor Parties were and what the effect of consolidation

_____

[**] Hon. Christopher M. Alston, United States Bankruptcy Judge for the Western District of Washington, sitting by designation.

[1] Unless otherwise indicated, all chapter and section references are to the Bankruptcy Code, 11 U.S.C. §§ 101-1532.

-2-

would be on those creditors.

We may affirm on any ground supported by the record and we do so here because there is no evidence in the record showing that the creditors of the Non-Debtor Parties were served with notice of Trustee's motion thereby depriving them of an opportunity to be heard. In addition, Trustee did not identify those creditors or provide any evidence showing the nature of their debt. It is thus impossible to tell whether substantive consolidation would be equitable or fair to the absent and unidentified creditors of the Non-Debtor Parties. Accordingly, we AFFIRM.

## I. FACTS

Debtor, a medical doctor, filed a chapter 7 petition in December 2013.[2] His schedules showed that he owned no real property and had no secured debt. Debtor's amended Schedule F showed his unsecured debt consisted of two large judgments against him and several malpractice lawsuits. Debtor listed his 100% ownership in MCSSG with a value of $100 which Debtor claimed as exempt.

## A.    The Judgment Creditor

Creditor Paykar Construction, Inc. (Paykar) obtained a judgment against Debtor and Susan for over $259,000 in 2000. Paykar assigned the right to collect the judgment to S. Kohn dba

---

[2] Debtor and MCSSG are no strangers to bankruptcy. In 1993, MCSSG filed a chapter 11 petition. At the same time, Debtor and Susan filed a chapter 11 petition. In 1998, MCSSG filed a chapter 11 petition. In early 2014, MCSSG again filed a chapter 11 petition. All these cases were dismissed without plan confirmation.

SK Judgment Enforcement (Kohn).

In July 2010, Kohn filed an action to renew the judgment and moved for summary judgment. The state court granted the unopposed motion for summary judgment finding that: (1) MCSSG owed $587,588 in damages, $636,561 in interest and costs according to the cost memorandum; (2) Susan owed $288,865 in damages and $288,653 in interest and costs according to the cost memorandum; and (3) Debtor owed $291,865 in damages and $315,694 in interest and costs according to the cost memorandum. Kohn's attorney submitted a judgment, but it was never signed or entered by the state court.

Although there was no entry of the judgment, Kohn pursued collection and sought the appointment of a receiver. During those proceedings, Kohn learned that the judgment was not properly entered. Kohn then filed a motion in the state court seeking nunc pro tunc entry of the judgment. The hearing on the motion was stayed due to Debtor's bankruptcy filing.

In late December 2013, Kohn filed a motion for relief from stay to pursue the pending state court matter, which was granted by the bankruptcy court. Subsequently, the state court granted Kohn's motion for entry of judgment, but decided to enter the judgment as January 23, 2013, and not nunc pro tunc. In October 2014, the state court entered a correct form of judgment in favor of Kohn in the following amounts: (1) Debtor was jointly and severally liable for the amount of $80,362.55, and separately liable for the amount of $50,904.42, for a total judgment of $131,256.97; (2) MCSSG was jointly and severally liable for the amount of $80,362.66, and separately liable for

-4-

the amount of $770,159.48, for a total judgment of $850,522.03; and (3) Susan was jointly and severally liable for the amount of $80,362.55. Susan paid the joint and several debt, but Debtor still owed his separate liability in the amount of $50,894.00.

Kohn also filed an adversary proceeding against Debtor seeking nondischargeability of the judgment debt under § 523(a)(2) and (6). [Adv. No. 2:14-ap-01171]. The bankruptcy court found the judgment debt in the amount of $50,894.00 nondischargeable and entered judgment in favor of Kohn.

**B.    The Preference/Fraudulent Transfer Adversary Proceedings**

In December 2015, Trustee commenced adversary proceedings against Takouhie, Susan, Haig, and Michael, to collect corporate transfers made by MCSSG under §§ 547 and 548. The bankruptcy court dismissed these adversary proceedings with prejudice while Trustee's substantive consolidation motion was pending. On appeal, the Panel affirmed the bankruptcy court's rulings. See Leslie v. Mihranian (In re Mihranian), Adv. No. 2:15-ap-01668-BR, 2017 WL 2775044 (9th Cir. BAP June 26, 2017); Leslie v. Mihranian (In re Mihranian), Adv. No. 2:15-ap-01667-BR, 2017 WL 2775036 (9th Cir. BAP June 26, 2107); Leslie v. Mihranian (In re Mihranian), Adv. No. 2:15-ap-01665-BR, 2017 WL 277043 (9th Cir. BAP June 26, 2107); Leslie v. Mihranian (In re Mihranian), Adv. No. 2:15-ap-01666-BR, 2017 WL 2774245 (9th Cir. BAP June 26, 2107).

**C.    The Motion For Substantive Consolidation**

In June 2016, Trustee filed his motion to substantively consolidate Debtor's estate with the estates of the Non-Debtor Parties. The primary basis for Trustee's motion was Debtor's

-5-

alleged twenty-year scheme to defraud his judgment creditors. According to Trustee, Debtor and Susan devised a scheme to remove their assets from the reach of their judgment creditors by: (1) transferring title to their residence to Takouhie for minimal consideration; (2) siphoning off millions of dollars from medical billings owed to Debtor, MCSSG, and Susan and transferring those monies to Takouhie, their disabled son Michael, and their other son Haig; (3) maintaining a phony divorce to keep assets away from creditors; and (4) depositing funds into Susan's deceased mother's account to maintain the illusion that the funds were her separate property and could not be deemed community property. Trustee's expert estimated that between $4.5 and $5 million dollars in cash were diverted away from Debtor and MCSSG along with Debtor's residence.

Trustee argued that his request for substantive consolidation met the entanglement requirement set forth in Alexander v. Compton (In re Bonham), 229 F.3d 750 (9th Cir. 2000). Due to the millions of dollars flowing in and out of MCSSG into the bank accounts of Haig, Mary (Susan's mother) and Takouhie, coupled with the lack of a complete set of books and records, Trustee asserted that he could not accurately trace and unscramble the commingling that had occurred. Trustee further argued that any effort at unscrambling would be so substantial and burdensome as to threaten the realization of any net assets for Debtor's creditors and end up being needlessly expensive and possibly futile. In support of his motion, Trustee submitted numerous declarations with hundreds of exhibits allegedly showing the fraudulent scheme.

-6-

In opposition, the Non-Debtor Parties argued that Trustee had not made the required showing of impossible entanglement or cost necessary to justify consolidation. According to the Non-Debtor Parties, their financial information was not a confusing entanglement of affairs and that any entanglement was completely among themselves and not with Debtor.

They also asserted that consolidation would be inequitable and unjust because Trustee analyzed the fairness to creditors based only on the estate's creditors and did not consider fairness as to the Non-Debtor Parties' creditors. They further argued that there was no showing of benefit to all creditors and noted that Trustee had not provided notice to their creditors. Finally, the Non-Debtor Parties refuted Trustee's allegations regarding numerous transfers, alleging that many of them had never occurred.

The bankruptcy court held an evidentiary hearing on January 25, 2017. A number of evidentiary objections were resolved and no witnesses were cross-examined. After argument, the bankruptcy court denied Trustee's motion and placed its findings and conclusions on the record. The court found that the entanglement alleged by Trustee was not that complex and could be resolved by forensic accounting. The court further found that Trustee failed to show that consolidation was not prejudicial to the creditors of the Non-Debtor Parties — Trustee did not know who the creditors were or the nature of their debt. The bankruptcy court implicitly found that the equities weighed in favor of the Non-Debtor Parties and their creditors.

The bankruptcy court entered the order denying Trustee's

motion on February 2, 2017. Trustee filed a timely notice of appeal.[3]

## II. JURISDICTION

The bankruptcy court had jurisdiction over this proceeding under 28 U.S.C. §§ 1334 and 157(b)(2)(A) and (O). We have jurisdiction under 28 U.S.C. § 158.

## III. ISSUE

Whether the bankruptcy court erred by denying Trustee's motion to substantively consolidate Debtor's estate with the estates of the Non-Debtor Parties.

## IV. STANDARDS OF REVIEW

Substantive consolidation presents a mixed question of law and fact that we review de novo. In re Bonham, 229 F.3d at 763. A mixed question exists when the relevant facts are established, the legal standard is clear, and the issue is whether the facts satisfy the legal standard. Wechsler v. Macke Int'l Trade, Inc. (In re Macke Int'l Trade, Inc.), 370 B.R. 236, 245 (9th Cir. BAP 2007).

De novo review requires that we consider a matter anew, as if no decision had been made previously. B-Real, LLC v. Chaussee (In re Chaussee), 399 B.R. 225, 229 (9th Cir. BAP 2008).

We review findings of fact for clear error. A finding of fact is clearly erroneous if illogical, implausible or "without support in inferences that may be drawn from the facts in the

---

[3] A motions panel found the order on appeal sufficiently final for purposes of appeal. Alternatively, to the extent the order was not final, the motions panel granted leave to appeal.

-8-

record." United States v. Hinkson, 585 F.3d 1247, 1262 (9th Cir. 2009) (en banc).

We may affirm the bankruptcy court on any ground supported by the record. Heers v. Parsons (In re Heers), 529 B.R. 734, 740 (9th Cir. BAP 2015).

## V. DISCUSSION

## A. Substantive Consolidation: Legal Standards

Substantive consolidation is an uncodified, equitable doctrine allowing the bankruptcy court, for purposes of the bankruptcy, to "combine the assets and liabilities of separate and distinct—but related—legal entities into a single pool and treat them as though they belong to a single entity." In re Bonham, 229 F.3d at 764. Although it is a case-by-case inquiry, the Ninth Circuit has adopted a two factor test to guide the determination of whether substantive consolidation is appropriate: "(1) whether creditors dealt with the entities as a single economic unit and did not rely on their separate identity in extending credit; or (2) whether the affairs of the debtor are so entangled that consolidation will benefit all creditors." Id. at 766 (quotation omitted) (adopting the test set forth by the Second Circuit in Union Sav. Bank v. Augie/Restivo Banking Co., Ltd. (In re Augie/Restivo Baking Co., Ltd.), 860 F.2d 515, 519 (2d Cir. 1988)). Either factor is sufficient to support substantive consolidation. Id.

However, "when the Bonham case is considered in its complete context, it is clear that the Ninth Circuit did not require bankruptcy courts to look only to the two [factors]... set forth above, in some 'Pavlovian' way." In re Bashas' Inc.,

437 B.R. 874, 929 (Bankr. D. Ariz. 2010) (citing In re Bonham, 229 F.3d at 767). "The basic rules, and the discretion to apply them, stem solely and completely from a weighing of the equities, and a decision which emanates from one guiding light: "Is this reasonable under the circumstances?" Id. at 929.

**B.   Analysis**

Trustee relied upon the second Bonham factor in support of his motion for substantive consolidation, contending that Debtor's and the Non-Debtor Parties's affairs were so entangled that no net assets could be realized for all the creditors without substantial time and expense. Substantive consolidation is appropriate under this factor when "the affairs of the debtors are so entangled that consolidation will benefit all creditors." In re Bonham, 229 F.3d at 765. The language "benefit of all creditors" does not mean each and every creditor. Rather, it means benefit to the creditor body as a whole. Substantive consolidation is premised on a sole aim: fairness to **all** creditors. In re Bonham, 229 F.3d at 766, 767 (emphasis added).

Here, fairness to all creditors was not shown. "'Courts have stated that, at a minimum, due to the nature of substantive consolidation of debtor and non-debtor entities, notice must be provided to all creditors, and such creditors must have an opportunity to be heard.'" SE Prop. Holdings, LLC v. Stewart (In re Stewart), 571 B.R. 460, 473 (Bankr. W.D. Okl. 2017) (quoting Kapila v. S & G Fin. Servs., LLC (In re S & G Fin. Servs. of S. Fla., Inc.), 451 B.R. 573, 585 (Bank. S.D. Fla. 2011) and collecting cases); see also In re Bonham, 229 F.3d at

-10-

765 n.9 ("[A] bankruptcy court may order substantive consolidation as a contested matter upon motion by the involved parties, as was done in the instant appeal, or via an adversary proceeding or other procedural device, **as long as there is notice and an opportunity to be heard**." Emphasis added); Crawforth v. Wheeler (In re Wheeler), 444 B.R. 598, 609 (Bankr. D. Idaho 2011) ("'[R]esort to consolidation should not be Pavlovian, but...should be used sparingly,' with a heightened degree of due process and due consideration for the harm or economic prejudice that such a remedy would occasion.") (citing In re Bonham, 229 F.3d at 767). Trustee's failure to serve the creditors of the Non-Debtor Parties with notice of his motion for substantive consolidation deprived them of an opportunity to be heard. This alone precluded substantive consolidation.

Furthermore, although substantive consolidation would clearly benefit Debtor's judgment creditor Kohn, Trustee provided no evidence that showed application of the doctrine was fair to the creditors of the Non-Debtor Parties. Nor could he when he did not know who those creditors were or the nature of their debt. Indeed, the bankruptcy court observed that some debt may simply be reoccurring debt. "Because substantive consolidation is purely an equitable remedy, a court should not employ it when it would benefit one set of creditors at the expense of another unless the proponent can advance some equitable reason for such a redistribution." In re Archdiocese of St. Paul and Minneapolis, 553 B.R. 693 (Bankr. D. Minn. 2016) (citing In re Huntco Inc., 302 B.R. 35, 40 (Bankr. E.D. Mo. 2003)). Trustee has not advanced any equitable reason for a

-11-

redistribution especially when he could not identify the creditors of the Non-Debtor Parties or the nature of their debt.

In light of the above, substantive consolidation was neither equitable nor reasonable under the circumstances. Accordingly, the bankruptcy court properly denied Trustee's motion for substantive consolidation.

**VI. CONCLUSION**

For the reasons stated, we AFFIRM.